**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2011

Lyle W. Cayce
Clerk

No. 10-50394
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARACELI RODRIGUEZ GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-767-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Araceli Rodriguez Garcia (Rodriguez) appeals from her conviction of possession with intent to distribute cocaine and importation of cocaine and from the 144-month sentence imposed by the district court. She contends that the district court erred by denying her motion for a new trial, which was based on her contention that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose certain investigative reports before trial. She further

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court erred by denying her an adjustment to her offense level pursuant to the "safety valve" provision of U.S.S.G. § 5C1.2.

The investigative reports on which Rodriguez's new trial and *Brady* claims rely are not material evidence in that there is no reasonable probability that the outcome of Rodriguez's trial would have been different had she possessed the reports. *See Mahler v. Kaylo,* 537 F.3d 494, 500 (5th Cir. 2008). The debriefing reports of Elvia Reyes and Ruben Mendoza would have been of little if any value to corroborate Rodriguez's theory of the case or to impeach Mendoza's testimony or the testimony of Immigration and Customs Enforcement Special Agent Eduardo Escobar. Rodriguez's false statements and attempts to distract agents who were searching her car indicated guilty knowledge that she was carrying contraband. *See United States v. Moreno,* 185 F.3d 465, 472 (5th Cir. 1999). In light of the evidence, there was no reasonable probability that the alleged *Brady* evidence would have given rise to any reasonable doubt about Rodriguez's guilt. *See Mahler,* 537 F.3d at 500.

The evidence adduced at trial supported a finding that Rodriguez falsely maintained her innocence, and nothing that came to light after the trial indicated that she provided a true account of events. The district court's decision to deny a safety valve adjustment is not clearly erroneous. *See United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006).

AFFIRMED.